UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------X

JAMES DAMON,                                                                         Index No.

                                        Plaintiff,                          **COMPLAINT**

        -against-


                                                                            **JURY TRIAL IS**
                                                                            **DEMANDED**
THE CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT, POLICE OFFICER ERICK GUZMAN,
and POLICE OFFICER JOHN DOES and JANE DOES individually
and in their official Capacities as New York City Police Officers,
the identity and number of who are presently unknown,

                                        Defendants.
-------------------------------------------------------------------------------------X

        Plaintiff JAMES DAMON, complaining of defendants THE CITY OF NEW

YORK, NEW YORK POLICE DEPARTMENT, POLICE OFFICER ERICK GUZMAN

and JOHN DOES  (hereinafter referred to as **"DEFENDANTS"**), respectfully alleges as

follows:

## PRELIMINARY STATEMENT

1.      This is a personal injury action that occurred on the morning of June 15, 2012

        at approximately 9:30 a.m. On that date, Plaintiff James Damon (hereinafter

        referred to as "Mr. Damon") was lawfully boarding a New York City subway

        in the County of Bronx. Mr. Damon was prevented from boarding the subway

        by an unknown individual who pushed him. Mr. Damon pushed the unknown

        individual back. Mr. Damon later learned that the unknown individual was a

        police officer. This unknown individual was in street clothes and had not

        displayed his shield identifying him as a police officer. Mr. Damon was

caught up in a police sweep. He was taken into custody and transported to the precinct. At the precinct, an inquiry was made to ascertain whether Mr. Damon had any outstanding warrants for his arrest. A search revealed that he had no warrants, and an unknown NYPD employee shouted, "He's clean; what do you want me to do with him?" Although, the unknown NYPD employee told Officer ERICK GUZMAN that Mr. Damon was clean, she was told to fingerprint him. Mr. Damon proceeded through the criminal justice system wherein he was fingerprinted, photographed and detained. Mr. Damon was subsequently released and given a desk appearance to appear in court on October 12, 2012. The desk appearance ticket did not indicate what Mr. Damon was charged with. Approximately three hours after receiving the desk appearance ticket, Mr. Damon's job learned of his arrest as the result of a search. Mr. Damon explained the circumstances surrounding his arrest to his job. The job indicated that the search results indicated that Mr. Damon was arrested for possession of a knife. *Initially,* Mr. Damon's job wanted to take an official statement from him, but declined to do so after an investigator at his job obtained documents stating that Mr. Damon was arrested for possession of a firearm. It was at that point that Mr. Damon realized that Officer ERICK GUZMAN made him part of a police sweep, created a crime, all after Mr. Damon came up clean. Mr. Damon's job indicated that they had to suspend him from work and investigate the matter further.

2.      Mr. Damon has suffered irreparable financial, emotional and reputational harm, humiliation, and embarrassment as a result of police misconduct.

## THE PARTIES

3.    Plaintiff, James Damon is an individual who resides in Kings County.

4.    Defendant, The City of New York (hereinafter referred to as **("CITY")** is a municipality.

5.    Defendant, Officer Guzman (hereinafter referred to as **"GUZMAN")** "is an employee of the New York City Police Department and resides in the State of New York.

## JURISDICTION AND VENUE

6.    Plaintiff is a citizen of the State of New York County of Kings for purposes of jurisdiction.

7.    Defendant is a New York City municipality for purposes of jurisdiction.

8.    The incident occurred in the State of New York County of Bronx.

9.    This Court has original personal jurisdiction over this matter, exclusive of interest and costs.

10.    Venue is proper in this Court in that the incident occurred in Bronx County and the Defendant is subject to personal jurisdiction, in this County.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENT AND 42 U.S.C. SECTIONS 1981 AND 1983

11.    The plaintiff's incorporates by reference each preceding allegation as if fully set forth herein.

12.    The conduct and actions of defendant Police Officer ERICK GUZMAN, acting under color of law, in falsely arresting, falsely detaining, falsely

imprisoning, falsely accusing plaintiff was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. Sections 1981, 1983, and Fourth and Fourteenth Amendments to the United States Constitution.

13.   As a result of the foregoing, plaintiff was arrested, detained, imprisoned, charged, was subject to great humiliation, embarrassment and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVIATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. SECTIONS 1981 and 1983

14.   Plaintiff incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

15.   The conduct and actions of defendant Police Officer ERICK GUZMAN, acting under color of law, in assaulting plaintiff, falsely arresting, falsely detaining, falsely imprisoning, falsely accusing was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, suffering in violation of plaintiff's Constitutional rights as guaranteed

under 42 U.S.C. Sections 1981, 1983, and Fourth and Fourteenth

Amendments to the United States Constitution.

16.     As a result of the foregoing, plaintiff was arrested, detained, imprisoned,

charged, was subject to great humiliation, embarrassment and was otherwise

damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

17.     Plaintiff incorporates by reference the allegations set forth in each preceding

paragraph as if fully set forth herein.

18.     At all times material to this complaint, defendant **CITY OF NEW YORK**,

acting through the **NEW YORK CITY POLICE DEPARTMENT**, had in

effect *de facto* policies, practices, customs and usages that condoned and

fostered the unconstitutional conduct of the defendant police officers, and

were a direct and proximate cause of the damages and injuries complained of

herein.

19.     These policies, practices, customs and usage include, *inter alia*: (a) the failure

to properly screen, train, supervise, discipline, transfer, counsel and/or

otherwise control police officers engaged in the false and unjustified arrests;

(b) the failure to properly screen, train, supervise, discipline, transfer, counsel

and/or otherwise control police officers in falsely arresting, falsely detaining,

falsely imprisoning, falsely charging and falsely accusing persons of

committing crimes.

20.    Since at least 1984 the defendant **CITY OF NEW YORK** and the New York
City

21.    Police Department have been on notice that their training of police officers
has been inadequate and that police officers joining the force, including, on
information and belief, the individual defendant police officers herein, were
disproportionately involved in  misconduct and abuse, particularly involving
false arrest, false imprisonment, false detention, false accusations, false
charges.[1]

22.    The City of New York Office of the Comptroller, in an unpublished report,
found that the police often do inadequate investigations and have little training
to prevent officers from repeated false arrests.

23.    The New York Civil Liberties Union from at least 2007 through the present
has documented that run-ins with the police can be unpleasant and, at times,
extremely dangerous for people of color in New York City. Young Black men
are especially at risk for difficult experiences with the police. At the New
York Civil Liberties Union's Police Accountability Project, "we hear story
after story of harassment, false arrest, and everyday disrespect from the youth
and adults we work with."[2]

24.    The most frequent type of personal-injury claims filed overall in fiscal 2011
were for police actions. The cases result from alleged improper police
conduct, such as false arrest or imprisonment, the shooting of a suspect,
excessive force or assault, or failure to provide protection, the report states.

---

1 See, e.g., Mayor's Advisory Committee on Police Management and Personnel Policy, Final Report, February 24, 1987.

2 NYCLU, Column: Showing ID to NYPD (Our Times), January 19, 2007

Read more: http://www.nydailynews.com/new-york/new-york-lawsuit-city-article-1.1227937#ixzz2NRWUamJ7 Claims from police action rose 14%, from 3,996 to 4,561, in the period covered by the report. The number has nearly doubled since 2007.

25.    Donna Lieberman, executive director of the New York Civil Liberties Union, said that "what's inescapable is a trend that reveals New Yorkers are unhappy enough with the way that they're being treated by police that they are going to court a lot more often."[3]

26.    In 1990, the Office of Special Prosecutor, which investigated charges of police corruption, was abolished.

27.    Upon information and belief, in the vast majority of the false arrest, false detention, excessive force, deadly force, and other police abuse cases that result in verdicts or substantial settlements for the victims, the New York City Police Department imposes no discipline, either before or after the court resolution, almost never reopens an investigation previously conducted after such a resolution, and sometimes promotes the abusive officer to a position of greater authority despite the resolution.

28.    Acting under color of law, by and through the policy-makers of the **CITY OF NEW YORK** and pursuant to official policy or custom and practice, the **CITY OF NEW YORK** intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the **CITY OF NEW YORK** failed to effectively screen, hire, train, instruct supervise, control and discipline, on a continuing basis, their police officers, including the defendant

---

[3] Daily News, March 13, 2013

police officer(s) herein, for their propensity for false arrests, false detention,

violence, including unreasonable and unjustified force and restraint, for

unlawfully subjecting individuals, false accusations, for racial bias, for lack of

truthfulness, for fabricating criminal charges and falsely swearing to criminal

complaints against citizens for the purpose of shielding themselves against

criminal and/or civil liability for violating those citizens' civil rights, and for

the failure to protect citizens from unconstitutional conduct of other police

officers, thereby permitting and allowing the individual defendant police

officers herein to be in position to assault and/or unreasonably and

unjustifiably restrain the plaintiff, to otherwise cause him injury and violate

him federal and state unconstitutional rights, and/or to permit these actions to

take place without his knowledge or consent.

29.    On information and belief, the defendant police officers herein have been the

subject of prior civilian and departmental complaints of misconduct that gave

notice to, or should have given notice to, the defendant **CITY OF NEW**

**YORK** and the New York City Police Department that the defendant police

officers herein were likely to engage in conduct that would violate the civil

and constitutional rights of the public, such as the conduct complained of by

the plaintiff herein. The **CITY OF NEW YORK** had knowledge of or, had it

diligently exercised its duties to instruct, supervise, control, and discipline on

a continuing basis, should have had knowledge that the wrongs that were

done, as heretofore alleged, or other unlawful or unconstitutional acts were

going to be committed.  Defendant **CITY OF NEW YORK** had the power,

authority and duty to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the **CITY OF NEW YORK** failed to do so.

30.     On information and belief, defendant **CITY OF NEW YORK** and the New York City Police Department maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. *Inter alia*, the structure was deficient, at the time of selection of police officers and thereafter during the employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at a large or to specific segments thereof.  The effect of this was to permit police officers of the New York City Police Department to function at levels of significant and substantial risk to the public in general.

31.     As a result of the foregoing conscious policies, practices, customs and/or usages, defendant **CITY OF NEW YORK** and the New York City Police Department have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or

racially motivated behavior.  Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

32.    As a direct and proximate result of the defendants' wrongful policies, practices, customs and/or usages complained of herein, the plaintiff has suffered permanent mental and emotional injury and pain, anguish, suffering humiliation and embarrassment.

## FOURTH CLAIM
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.    The plaintiff incorporates by reference each preceding allegations as if fully set forth herein.

34.    By the actions described above, defendant Police Officer ERICK GUZMAN engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to plaintiff.  The acts and conduct of the defendant was the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

35.    As a result of the foregoing, plaintiff was made ill, was subjected to great humiliation, and was otherwise damaged and injured.

## FIFTH CLAIM
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36.    The plaintiff incorporates by reference each preceding allegations as if fully
set forth herein.

37.    By the actions described above, defendants JANE DOE and JOHN DOE
engaged in extreme and outrageous conduct, conduct utterly intolerable in a
civilized community, which intentionally caused severe emotional distress to
plaintiff.  The acts and conduct of the defendant was the direct and proximate
cause of injury and damage to the plaintiff and violated his statutory and
common law rights as guaranteed him by the laws and Constitution of the
State of New York.

38.    As a result of the foregoing, plaintiff was made was subjected to great
humiliation, and was otherwise damaged and injured.

**SIXTH CLAIM**

**CONSPIRACY**

39.    The plaintiff's incorporates by reference each preceding allegation as if fully
set forth herein.

40.    By the actions described above, defendants Police Officers ERICK GUZMAN
and JOHN DOES jointly and severally, acting in their individual capacities
and under color of law, conspired together and maliciously and willfully
entered into a scheme to deprive plaintiff to his rights, well-being and to
commit the above-alleged unlawful acts by charging plaintiff with riding a
bicycle on the sidewalk. The acts and conduct of the defendants were the
direct and proximate cause of injury and damage to the plaintiff and violated
his rights as guaranteed him by the Fourth and Fourteenth Amendments to the
Constitution of the United States, and protected by 42 U.S.C. Sections 1981,

11

1983, and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41.     As a result of the foregoing, plaintiff was subjected to great humiliation and emotional distress, was detained, and was otherwise damaged and injured.

**SEVENTH CLAIM**

**NEGLIGENCE**

42.     The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

43.     As a New York City police officer, defendant Police Officer ERICK GUZMAN had a duty towards JAMES DAMON to not subject him to false arrest, false imprisonment, false detention, false charges, false accusations, to care, protect.

44.     As a New York City police officer, defendants JOHN DOES had a duty towards JAMES DAMON to not subject him to false arrest, false imprisonment, false detention, false charges, false accusations, to care, protect.

45.     By the actions described above, defendants Police Officers ERICK GUZMAN and JOHN DOES, jointly and severally, negligently caused severe physical injuries, and caused severe physical injuries, and caused extreme emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

46.    As a result of the foregoing, plaintiff was subjected to great humiliation and emotional distress, detained, and was otherwise damaged and injured.

## EIGHTH CLAIM

## PRIMA FACIE TORT

47.    The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

48.    By the actions described above, defendant Police Officer ERICK GUZMAN inflicted harm upon JAMES DAMON without excuse or justification, out of disinterested malice.

49.    By the actions described above, defendant Police Officer JOHN DOES inflicted harm upon JAMES DAMON without excuse or justification, out of disinterested malice.

50.    By the actions described above, defendants JOHN DOES inflicted harm upon JAMES DAMON without excuse or justification, out of disinterested malice.

51.    As a result of the foregoing, plaintiff was falsely arrested, falsely detained and falsely accused, was subjected to great humiliation and emotional distress, was detained, and was otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENT HIRING, SCREENING RETENTION,
## SUPERVISION AND TRAINING

52.    The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

53.    The defendant **CITY OF NEW YORK** negligently hired, screened, retained,

supervised and trained the individual defendant police officers.  The acts and

conduct of the defendants were the direct and proximate cause of injury and

damage to the plaintiff and violated his statutory and common law rights as

guaranteed him by the laws and Constitution of the State of New York.

54.     As a result of the foregoing, plaintiff was falsely arrested, falsely detained,

falsely accused, was subjected to a great humiliation and emotional distress,

was detained, and was otherwise damaged and injured.

## TENTH CLAIM

## *RESPONDEAT SUPERIOR* LIABILITY OF THE CITY OF NEW YORK
## FOR THE STATE LAW VIOLATIONS

55.     The plaintiff incorporates by reference each preceding allegation as if fully set

forth herein.

56.     The conduct of defendants Police Officers ERICK GUZMAN and  JOHN

DOE alleged herein, occurred while they were on duty and in uniform and in

and during the course and scope of their duties and functions as New York

City police officers, and while they were acting as agents, officers, servants

and employees of the defendant **CITY OF NEW YORK**, and as a result the

defendant **CITY OF NEW YORK** is liable to the plaintiff pursuant to the

state common law doctrine of *respondeat superior*.

57.     As a result of the foregoing, plaintiff was detained, sustained painful injuries

to his body, was made ill, was subject to great humiliation, and was otherwise

damaged and injured.

**WHEREFORE,** the plaintiff demands the following relief jointly and severally against all of the defendants:

a.   Compensation damages;

b.   Punitive damages;

c.   The convening and empaneling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorney's fees;

e.   Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Hollis, New York
      April 5, 2013

                    RENÉ MYATT, ESQ. [RM-4406]
                    Attorney for Plaintiff
                    **JAMES DAMON**
                    204-04 Hillside Avenue, 2nd Floor
                    Hollis, New York 11423
                    (718) 468-3588

TO:    CORPORATION COUNSEL FOR THE CITY OF NEW YOR
        **THE CITY OF NEW YORK,**
        **POLICE OFFICER ERICK GUZMAN**
        **JANE DOE and JOHN DOE**
        100 Church Street
        New York, New York

## ATTORNEY'S VERIFICATION

Rene Myatt, an attorney at law admitted to practice before the United States District Court, Eastern District of the State of New York, affirms the following to be true under penalties of perjury:

I am associated with THE LAW OFFICE OF RENÉ MYATT, the attorney of

record for the plaintiff, **JAMES DAMON,** in this action.

I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true based upon information and belief. My belief, as to those matters herein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in the office files of the aforementioned law office.

The reason I make this verification instead of the plaintiff, is because the plaintiff resides at:

      704 Vermont Street
      Broolyn, New York 11207

which is outside of the County where your affiant's office is located.

Dated: Hollis, New York
      April 5, 2013

                              RENÉ MYATT, ESQ.